UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LORDEZ LEWIS                                         CIVIL ACTION  20-398

VERSUS                                              SEC          MAG

OCHSNER CLINIC FOUNDATION                           JURY TRIAL REQUESTED


DATE:_____          CLERK:_____

## COMPLAINT (TITLE VII)

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Lordez Lewis who, in accordance with 42 USC §2000e, *et. seq*. institutes the instant cause.

### PARTIES

1. Plaintiff is of full age of majority, competent, and residing in St. James Parish, Eastern District of Louisiana.

2. Made Defendant is Ochsner Clinic Foundation, a corporation doing business in the State of Louisiana, with its principal Business Establishment in Louisiana, according to the Secretary of State, located at 1514 Jefferson Highway, New Orleans, Louisiana, 70121.  Defendant employs over 500 people.

3.  At all times relevant to the allegations set forth herein, Defendant was Plaintiff's employer with ultimate hiring, firing, and disciplinary authority over Plaintiff.

### VENUE & JURISDICTION

4.  Venue & Jurisdiction are proper before this Honorable Court pursuant to 28 USC §1331; 28 USC §1332; 28 USC §1367; and 28 USC §1391.

1

**ADMINISTRATIVE EXHAUSTION**

5. Plaintiff has exhausted administrative requirements of 42 USC §2000e to bring claims for discrimination based on race and for retaliatory discharge: she filed a charge of discrimination with the EEOC and was issued a right to sue letter on or about November 18, 2019.

6. Plaintiff engaged in protected activity by complaining to her supervisor, both verbally and in writing, about racial-stereotyping language directed at Plaintiff by a similarly situated white female employee and, when Plaintiff's supervisor failed to respond, complaining through Defendant's S.O.S. System.

7. Within three months of Plaintiff complaining to her supervisor and through Defendant's S.O.S. system, Plaintiff was accused of forgery and falsifying initials on a self-evaluation and terminated.

8. The stated reason for Plaintiff's termination was pretext for discrimination.

**STATEMENT OF FACTS**

9. Plaintiff's employment with Defendant began May 6, 2019.

10. Defendant hired Plaintiff as a Surgical Technician, at an hourly rate of $24.00.

11. On or about July 12, 2019, Michelle Rudolph, a white female, also employed with Defendant as a Surgical Technician, called Plaintiff a "lazy, slow, fat incompetent bitch" who got "a free check and bonus."

12. Plaintiff promptly reported the language Ms. Rudolph used to Plaintiff's and Ms. Rudolph's supervisor, Nicole Bordelon.

13. Ms. Rudolph continued calling Plaintiff "lazy" "slow" "fat" "incompetent" and "bitch"; said she did not care who Plaintiff told; and said she would continue to call Plaintiff what she wanted to call Plaintiff.

2

14. Plaintiff reported Ms. Rudolph's conduct to Ms. Bordelon, but Ms. Bordelon did and said nothing in response.

15. In late July 2019, Plaintiff contacted Defendant's S.O.S. system and reported Ms. Rudolph's conduct and also complained about Ms. Bordelon's unresponsiveness.

16. On or about October 2, 2019, Ms. Bordelon requested that Plaintiff turn-in Plaintiff's self-evaluation.

17. Plaintiff completed and submitted the evaluation on October 3, 2019.

18. On or about October 10, 2019, Mike Gilpin, an employee in Defendant's Human Relations Division, informed Plaintiff that Human Resources was placing Plaintiff on administrative leave without pay.

19. When Plaintiff inquired into why she was being placed on leave without pay, Mr. Gilpin told Plaintiff that Plaintiff had falsified dates on her self-evaluation.

20. Plaintiff denied falsifying dates on her self-evaluation.

21. On or about October 16, 2019, Mr. Gilpin questioned Plaintiff about her complaint against Ms. Rudolph.

22. On or about October 22, 2019, Mr. Gilpin accused Plaintiff of forging initials on her self-evaluation.

23. Plaintiff denied forging initials on her self-evaluation.

24. On or about October 24, 2019, Defendant terminated Plaintiff.

25. The stated reasons for Plaintiff's termination were poor job performance and that Plaintiff allegedly forged initials on her self-evaluation.

26. The stated reasons for Plaintiff's termination are pretext, because Plaintiff did not forge or falsify information on her self-evaluation and Defendant never complained about Plaintiff's job performance, until after she complained about a hostile environment.

27. Prior to Plaintiff becoming staff with Defendant, Plaintiff was a contract employee.

28. Defendant begged Plaintiff to hire-on as staff and had no issues with Plaintiff work performance, again, until after Plaintiff complained about a hostile environment.

29. On information and belief, several black female employees of Defendant's have complained about having to work in a racially hostile environment.

30. One employee specifically complained about Ms. Rudolph's racially-stereotypical language, and, on information and belief, Defendant has not done anything to address these complaints, either by way of a legitimate investigation and/or training.

## CAUSES OF ACTION
### Count 1.  Racial Discrimination/Hostile Environment

31. A white female employee situated similarly to Plaintiff repeatedly used racially stereotypical language to address Plaintiff.

32. Plaintiff complained about the language being used to address her to Plaintiff's immediate supervisor.

33. When Plaintiff's supervisor did nothing to respond, Plaintiff complained to Defendant, through Defendant's S.O.S. system.

34. Defendant claimed that Defendant opened an investigation, however, Defendant did not interview or take any statements from any of the eyewitnesses that Plaintiff identified.

## Count 2. Retaliatory Discharge

34. Instead of addressing Plaintiff's complaints about the hostility of the environment to which Plaintiff was being subjected, Defendant through Plaintiff's supervisor, directed Plaintiff to complete her self-evaluation.

35. After Plaintiff submitted the self-evaluation, Defendant accused Plaintiff of forging dates and initials on the self-evaluation.

36. Defendant terminated Plaintiff based on the false allegation that Plaintiff forged dates and initials on her self-evaluation.

37. Defendant's claim that Plaintiff's job performance was poor is also pretextual, because Defendant begged Plaintiff to hire-on as permanent staff, rather than a contract worker, and Defendant had no issues with Plaintiff's job performance until after Plaintiff complained about a racially insensitive and hostile environment.

## DAMAGES

38. Plaintiff has lost wages and benefits, as a result of Defendant's actions.

39. Plaintiff has suffered severe emotional distress.

40. Plaintiff seeks lost wages and benefits in the form of back pay; Plaintiff also seeks future pay, because reinstatement with Defendant is not a feasible prospect.

41. Plaintiff seeks damages for severe mental anguish and severe emotional distress.

42. Plaintiff seeks punitive damages.

43. Plaintiff seeks attorney fees and costs associated with the instant litigation, with interest from the date of judicial demand.

44. Plaintiff requests a trial by jury.

45. Plaintiff seeks all other equitable relief this Court deems appropriate.

## PRAYER FOR RELIEF

46.  Wherefore, Plaintiff prays that, after due proceedings, judgment enter in her favor and

against Defendant, awarding Plaintiff:

- General and special damages for severe emotional distress;

- Back pay and benefits;

- Future pay and benefits;

- Legal interest retroactive to the date of judicial demand;

- Trial by Jury;

- Costs and reasonable attorney fees; and

- All other relief deemed just and equitable by this Honorable Court.

Respectfully Submitted By:
**/s/ Nghana Lewis Gauff**

Nghana Lewis Gauff, 31407
299 Belle Terre Ste CC LaPlace, LA 70068
(504) 402-5911  (985) 359-4805
nlglawfirm@bellsouth.net

## Certification

I certify that commensurate with the filing of this cause, I have requested that summons issue to the following named Defendant(s):

Ochsner Clinic Foundation
CT Corporation System
3867 Plaza Tower Dr
Baton Rouge, LA 70816

**/s/  Nghana Lewis Gauff, 31407**

6